J-A05022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYRELL KHALIL JACOBS :
:
Appellant : No. 1995 EDA 2022

Appeal from the PCRA Order Entered July 26, 2022,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0001943-2018.

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 14, 2023**

Tyrell Khalil Jacobs appeals from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

The PCRA court summarized the underlying facts:

[O]n April 10, 2018, [Jacobs] and his half-brother, Timothy Jacobs, pursued and killed Eric Brown by a fatal gunshot wound to the chest after a dispute during a basketball game. [Jacobs] punched the victim several times and attempted to entice Mr. Brown to leave the bar to go outside, presumably to continue the altercation without witnesses. Mr. Brown refused and instead, he tried to [defuse] the situation. Video footage from inside the Star Social Club revealed that [Jacobs] and Timothy Jacobs chased the victim around the bar. Timothy Jacobs brandished a firearm and pointed it at Mr. Brown while chasing him. The two attackers eventually cornered . . . Mr. Brown in a rear storage room as he attempted to escape through the back door. It was locked. There was no way out. [Jacobs] stood at the door to the storage room, blocking it, and fired one shot at Eric Brown's chest, taking his life. [Jacobs] and Timothy Jacobs fled the scene to avoid

apprehension. [Jacobs] and Timothy Jacobs were eventually arrested in Philadelphia by the United States Marshal[s] Service and the Philadelphia Fugitive Task Force.

PCRA Court Opinion, 9/23/22, at 1–2.

A jury convicted Jacobs of murder of the first degree and other offenses. On February 7, 2020, the trial court imposed an aggregate sentence of life imprisonment. Jacobs appealed, challenging the sufficiency and the weight of the evidence. This Court affirmed. **Commonwealth v. Jacobs**, No. 934 EDA 2020, 2020 WL 6781510 (Pa. Super. Nov. 18, 2020) (non-precedential decision). The Supreme Court of Pennsylvania denied review on May 18, 2021.

On September 8, 2021, Jacobs filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed a no-merit letter and motion to withdraw on November 23, 2021. On November 29, 2021, the PCRA court allowed counsel to withdraw and issued a notice of intent to dismiss the PCRA petition without a hearing under Pennsylvania Rule of Criminal Procedure 907.

In response, Jacobs filed an amended PCRA petition on December 29, 2021. The PCRA court reappointed counsel, who filed a no-merit letter on April 9, 2022. The PCRA court again allowed counsel to withdraw and issued a Rule 907 notice on April 21, 2022. After the PCRA court granted an extension, Jacobs filed additional documents. The PCRA court dismissed Jacobs' petition on July 26, 2022. Jacobs timely appealed. Jacobs and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

Jacobs asks this Court to review the following eight issues, which we restate verbatim:

A. Whether the (PCRA) court made an error of law, by its conclusions in its Rule Pa.R.A.P. 1925(a) opinion dated: September 23, 2022. That quote "[Jacobs] was charged and was viewed by the jury live and in real time." Unquote at 7.? Did the jury come to this decision, because the court erred as a matter of law by allowing the Commonwealth to offer new discovery without the inspection of defense, **Brady** material under Pa.R.Crim.P. 573? The court abused its discretion as matter of law., when there would have been no prejudice because the surveillance videotape was new discovery without the inspection of the defense. A violation of the [Jacobs'] Due Process Clause., under "Critical evidence.

B. The PCRA court committed an error of law by denying the petition for post-conviction relief, based upon new discover. Late **Brady** material offered into evidence, by the Commonwealth..., without the inspection of the defense under **Brady Mardy**, pursuant to Pa.R.Crim.P. 573. Did the court erred as a matter when it concluded in its Rule Pa.R.A.P. 1925(a) opinion that ('[Jacobs] stood at the door to the storage room, blocking it, and fired one shot at Eric Brown's chest, taking his life') PCRA Ct. Op. at 2? Without the inspection by the defense of critical evidence., under the Due Process Clause?

C. The PCRA court committed an error of law by denying [Jacobs] an evidentiary hearing to determine whether trial counsel was ineffective for conceding [Jacobs'] guilt to the jury, failing to call critical witnesses in favor for the defense? Whether the Commonwealth violated **Brady** material, Pa.R.Crim.P. 573. New discovery highly prejudicial to the preparation of [Jacobs'] trial, without the inspection of the defense? Did the PCRA court made an error of law, by denying [him] an evidentiary hearing?

D. Whether the trial court knew he were committing an error of law by acknowledging....., quote ('Well, I am troubled, as anybody would be, regarding the timeliness') unquote N.T. 10/14/19 at 18. And allowed the video surveillance tape into evidence without the inspection of the defense., under Critical

evidence Due Process Clause. Did the court commit an error of law involving [Jacobs'] constitutional right?

E. The PCRA court committed an error of law by denying the petition for post conviction relief based upon ineffective assistance of trial counsel. Did the court make an error of law?

F. Was trial counsel ineffective for conceding [Jacobs'] guilt to the jury?

G. Was trial counsel ineffective for failure to call witnesses and interview the witnesses?

H. Was trial counsel ineffective for failure to investigate?

Jacobs' Brief at 4–4½ (capitalization altered).

On appeal from the denial of PCRA relief, this Court determines if the order of the PCRA court "is supported by the record and free of legal error." *Commonwealth v. Drummond*, 285 A.3d 625, 633 (Pa. 2022). While we are bound by the PCRA court's factual findings, we review its legal conclusions *de novo*. *Id.* We review the decision to dismiss a PCRA petition without a hearing by determining "whether the PCRA court erred in concluding that there were no genuine issues of material fact." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa. Super. 2018) (citation omitted).

Because some of Jacobs' issues are related to each other, and because the argument section of his brief is not divided into eight sections, we will address Jacobs' issues by category.

Jacobs' first group of issues (A-D) concern the Commonwealth's late disclosure of certain videos. The Friday before trial, the Commonwealth provided a "fly-through" depiction of the club, an earlier video from the basketball game, and surveillance footage from the club with a slower frame

rate and highlighting. Jacobs moved to exclude these videos. Motion *in Limine*, 10/11/19. The trial court allowed the videos based on the Commonwealth's representations that they were not new substantive evidence. N.T., Trial, 10/14/19, at 10–20.

Jacobs now focuses on the third video, which the Commonwealth used to show the events in slow motion and to spotlight its theory of when Jacobs drew his gun and shot Brown. He contends that this "late discovery" violated his constitutional due process rights as protected by **Brady v. Maryland**, 373 U.S. 83 (1963), and Pennsylvania Rule of Criminal Procedure 573. He argues that the PCRA court should have granted him a new trial.

The PCRA court concluded that this claim was precluded. We agree. To be eligible for relief under the PCRA, a petitioner must establish, among other requirements, "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3); **see Commonwealth v. Reid**, 280 A.3d 929, 934 (Pa. 2022). An issue is waived for PCRA purposes "if the petitioner could have raised it but failed to do so . . . on appeal." 42 Pa.C.S.A. § 9544(b). "[O]n review of the denial of PCRA relief, this Court has no jurisdiction to rule on the merits of a pure claim of trial court error." **Commonwealth v. Little**, 246 A.3d 312, 331 (Pa. Super. 2021).

Jacobs could have raised this discovery issue on direct appeal. His trial counsel also represented him on appeal and knew of this claim. However, Jacobs challenged only the sufficiency and weight of the evidence on direct appeal. As such, the late discovery issue is waived for PCRA purposes.

- 5 -

Therefore, Jacobs is ineligible for relief, and the PCRA court properly denied Jacobs' request for a new trial based on his claim of late discovery.[1]

Jacobs' remaining issues (E-H) allege that his trial counsel was ineffective. A claim of ineffective assistance of counsel requires a PCRA "petitioner to establish that: (1) underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." ***Commonwealth v. Johnson***, 236 A.3d 63, 68 (Pa. Super. 2020) (citing ***Commonwealth v. Pierce***, 527 A.2d 973, 975–76 (Pa. 1987), and ***Commonwealth v. Solano***, 129 A.3d 1156, 1162 (Pa. 2015)); ***see Strickland v. Washington***, 466 U.S. 668 (1984). "If a claim fails under any required element of the ***Strickland/Pierce*** test, the court may dismiss the claim on that basis. Counsel is presumed to be effective, and the burden of demonstrating ineffectiveness rests on the appellant." ***Id.*** (citing ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010)).

The first way that Jacobs argues his trial counsel was ineffective is by "conceding" his "guilt" in the opening statement. Counsel stated:

---

[1] To the extent that Jacobs now argues that the PCRA court should have found ineffectiveness of his trial and appellate counsel regarding the late discovery, this issue is waived because Jacobs did not include it in his statement of issues complained of on appeal. Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2119(a).

First, I just want to pause in silence. Someone is dead. Eric Brown is dead. There really isn't much of a question as to how Eric Brown died; a single gunshot wound to the chest. **There isn't really a question of who is holding the gun when Eric died; my client, Tyrell Jacobs.** . . . But there is a fact that is very, very much in question, and that's something [the prosecutor] has alluded to and put up on the big screen for everyone to read, intent. . . .

\* \* \*

. . . Eric Brown died. But the question for you, ladies and gentlemen, is, did Tyrell intend to actually kill him? And I think, ladies and gentlemen, that is where the Commonwealth will fail to meet their burden.

N.T., Trial, 10/14/19, at 115, 119 (emphasis added).

Jacobs contends that there was "no evidence" that he possessed a gun, his trial counsel unreasonably relieved the Commonwealth of its burden of proof, and he suffered prejudice as a result. He argues that the PCRA court should have granted him a new trial on this basis.

The PCRA court concluded that Jacobs could not show that trial counsel's opening statement prejudiced him. It noted that video showed the entire incident, including the instant when Jacobs shot Brown. The court concluded that the result of the jury seeing the video would have been the same no matter what counsel argued to the jury.

We reject Jacobs' contention that there was "no evidence" that he possessed a gun. Jacobs points to a witness' testimony that he did not see a gun before Jacobs shot Brown. However, the video itself is evidence that Jacobs drew his gun a fraction of a second before he shot Brown, after following him into a storage room. The jury was free to believe this evidence.

Furthermore, trial counsel's strategy was reasonable in light of the video of Jacobs shooting Brown. Notably, counsel did not concede Jacobs' guilt. Instead, counsel consistently argued that Jacobs did not form the requisite intent for murder of the first degree in the fraction of a second when he drew his gun. *See* N.T., Trial, 10/17/19, at 12–17 (arguing in closing that Jacobs' body language does not show intent to kill or malice, ultimately conceding voluntary manslaughter). This was a reasonable trial strategy. *Commonwealth v. Staton*, 120 A.3d 277, 288–89 (Pa. 2015) (finding no ineffectiveness from opening and closing remarks that supported a defense theory that the defendant committing criminal homicide but lacked the specific intent to kill); *see also Commonwealth v. Johnson*, 815 A.2d 563, 576–77 (Pa. 2002) (recognizing that evidence at trial can limit reasonable arguments to the jury such that conceding "presence at the scene and some degree of complicity" is a reasonable trial strategy).

Because Jacobs did not prove that his trial counsel was ineffective in his opening statement, the PCRA court properly rejected this claim.

The second way that Jacobs argues his trial counsel was ineffective is by the failure to call certain witnesses at trial. Jacobs first raised this claim in his motion for an extension of time to respond to the PCRA court's second Rule 907 notice. Motion, 5/16/22, at 3–5. The gist of Jacobs' argument is

that trial counsel should have called witnesses who would testify that Brown was the first aggressor at the basketball game.[2]

The PCRA court rejected this claim because the witnesses' testimony would be secondary to the evidence at trial of what happened in the bar. "Even if the witnesses had been called at trial, and even if the witnesses had testified that [Jacobs] had no ill-will directed at the victim at the basketball game, the video, which included a chase of the victim through the bar, reflected something very different." PCRA Court Opinion, 9/23/22, at 7.

This conclusion is supported by the record. Jacobs has not shown that trial counsel's failure to present testimony from these witnesses prejudiced him. The case for murder of the first degree depended on whether Jacobs formed the intent to kill in the moment when he shot Brown. What happened at the basketball game ten minutes before that is minimally probative to Jacobs' mental state when he chased Brown into the storage room. Notably, whether Brown was the first aggressor would be relevant if Jacobs had presented a claim of self-defense. However, this case did not involve self-defense, as Jacobs pursued Brown and then used deadly force upon him. There is no evidence that Brown was the first to use deadly force. Therefore, Jacobs has not shown that his trial counsel was ineffective for failing to call witnesses, and the PCRA court properly rejected these claims.

---

[2] The Commonwealth notes that Jacobs has not complied with applicable rules because he did not include witness certifications in his pleadings. **See** 42 Pa.C.S.A. § 9545(d)(1).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2023